UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: **09-80342**

MICROSOFT CORPORATION, a
Washington Corporation,

Plaintiff,

**CIV-MARRA** MAGISTRATE JUDGE
JOHNSON

v.

GRIFFIN IT MEDIA, INC., a Florida
Corporation,

Defendants.

FILED by _ДЗ_ D.C.

FEB 2 7 2009

STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. – MIAMI

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Microsoft Corporation ("Microsoft") brings this action against Defendant GRIFFIN IT MEDIA, INC. ("Defendant"), and alleges as follows:

### I.     JURISDICTION AND VENUE

1.     This is a complaint for an injunction, damages and other appropriate relief to stop Defendant from infringing Microsoft's trade and service marks by registering Internet domain names that are identical or confusingly similar to Microsoft's trademarks and service marks, and by using those domain names in bad faith to profit from Microsoft's marks.

2.     In this action, Microsoft asserts violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); of sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114 (Trademark Infringement) and 1125(a) (False Designation of Origin, Unfair Competition/False Advertising).

3.     This Court has subject matter jurisdiction over Microsoft's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

MI-294093 V1

Dockets.Justia.com

4.     This court has personal jurisdiction over Defendant who has: (a) committed intentional and tortious acts within the state; (b) conducted substantial business within this state related to the unlawful activity at issue in this Complaint; and (c) resides within the state.

5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendant resides within this judicial district, conducts substantial business within this judicial district related to the unlawful activity at issue in this Complaint and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II.     THE PARTIES

6.     Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

7.     Defendant GRIFFIN IT MEDIA, INC. is a Florida corporation and resides in Palm Beach County, Florida.

## III.     MICROSOFT'S BUSINESS AND TRADEMARKS

8.     Microsoft is a world leader in the market for software and related products. Microsoft offers a wide range of products and services, including but not limited to computer software such as the Microsoft Windows operating system and Microsoft Office; computer hardware and accessories including keyboards and mice; gaming systems such as the Microsoft XBOX and Microsoft XBOX 360; and Internet service and electronic mail services such as the MSN and Windows Live Hotmail services, to name a few.

9.     Microsoft owns registrations for a number of trademarks and service marks that it uses to identify its products and services in the marketplace. Among the marks owned by Microsoft are the following registered marks (collectively the "Microsoft Marks"): HALO; HOTMAIL; XBOX; and XBOX360.

10. Since at least October 2001, Microsoft's predecessor has used in commerce the trademark "HALO" to promote game software and other related products.

11. On February 11, 1999, Microsoft's predecessor filed an "intent to use" application to register the HALO mark. Based upon actual use beginning in October 2001, the United States Patent and Trademark Office issued Registration No. 2,598,381 to Microsoft on July 23, 2002 for the HALO Mark. The HALO mark is also the subject of United States Trademark Registration Nos. 2,837,420 and others. *See* Exhibit A. The HALO mark is broadly recognized as a brand identifier for Microsoft's game software and related products.

12. Since at least July 4, 1996, Microsoft's predecessor has used in commerce the service mark "HOTMAIL" to promote electronic mail services as well as promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks and by delivering advertisements and promotional materials to others via electronic mail.

13. On April 10, 1997, Microsoft's predecessor applied to register the HOTMAIL mark, and on June 16, 1998, the United States Patent and Trademark Office issued Registration No. 2,165,601 to Microsoft's predecessor for the HOTMAIL mark. *See* Exhibit B. The HOTMAIL mark is broadly recognized as a brand identifier for Microsoft's electronic mail services as well as promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed through computer networks and by delivering advertisements and promotional materials to others via electronic mail.

14. Since at least December 1998, Microsoft has used in commerce the trademark / service mark "XBOX" to promote video game software and hardware and related products, including the Xbox home entertainment system.

15.     On October 18, 1999, Microsoft applied to register the XBOX mark, and on November 5, 2002, the United States Patent and Trademark Office issued Registration No. 2,646,465 to Microsoft for the XBOX mark. The XBOX mark is also the subject of United States Trademark Registration Nos. 2,663,880, 2,730,847, 2,775,859, 2,786,794, 2,792,744 and others. *See* Exhibit C. The XBOX mark is broadly recognized as a brand identifier for Microsoft's entertainment products.

16.     Since at least November 22, 2005, Microsoft has used in commerce the trademark "XBOX 360" to promote interactive game devices.

17.     On May 12, 2005, Microsoft applied to register the XBOX 360 mark, and on June 12, 2007, the United States Patent and Trademark Office issued Registration No. 3,252,556 to Microsoft for the XBOX 360 mark. The XBOX 360 mark is also the subject of United States Trademark Registration No. 3,300,210. *See* Exhibit D. The XBOX 360 mark is broadly recognized as a brand identifier for Microsoft's interactive game devices.

18.     The Microsoft Marks, as well as others owned by Microsoft, are used in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of Microsoft's products and services. The Microsoft Marks are distinctive and were distinctive at the time of all acts alleged herein. As a result of Microsoft's substantial investment, the Microsoft Marks have developed extensive goodwill in the market. Accordingly, the Microsoft Marks are extremely valuable to Microsoft.

## IV.     MICROSOFT'S INTERNET PRESENCE

19.     Microsoft also maintains a substantial presence on the Internet. Via the Internet, Microsoft advertises its products and services, transacts business with its customers, offers its customers access to many of its services, and provides product support, among other things.

20.     In order to provide its customers with easy access to its online products and services, Microsoft has registered a number of Internet domain names. Many of these domain names correspond to Microsoft's trademarks and service marks. Examples of such domain names are <microsoft.com>; <microsoftwindows.com>; <xbox.com>; <msn.com>.

21.     Each of these domain names, as well as others registered to Microsoft, resolves to a Microsoft-created website that provides Microsoft's customers with information related to Microsoft's products and services. These websites generate business for Microsoft and allow Microsoft to maintain relationships with its customers.

## V.     DEFENDANT'S UNLAWFUL ACTIONS

22.     Defendant is the registrant and user of numerous Internet domain names that contain or consist of Microsoft's marks and/or intentional misspellings of Microsoft's marks. These domain names are hereinafter referred to as the "Infringing Domain Names." A representative, though not necessarily exhaustive, list of Defendant's 11 Infringing Domain Names is attached hereto as **Appendix A**.

23.     The Infringing Domain Names are identical or confusingly similar to Microsoft's marks. The Infringing Domain Names do not resolve to websites owned or endorsed by Microsoft.

24.     The Infringing Domain Names resolve to websites that are controlled by Defendant (collectively referred to as "Defendant's websites"). Many of Defendant's websites contain numerous advertisements for and/or hyperlinks featuring goods or services that are directly competitive with Microsoft products and services.

25.     When a person looking for a Microsoft website lands on one of Defendant's websites, that person may click on one of the advertisements or hyperlinks on the site either

because the person finds it easier to click on the advertisement or hyperlink than to continue searching for the Microsoft site, or because the person mistakenly believes Microsoft has authorized or endorsed the advertisements or hyperlinks. In either case, the person has been diverted from the Microsoft website he or she was seeking to visit, and Microsoft has lost the opportunity to interact with that person.

26. Defendant uses the Infringing Domain Names to profit from the Microsoft Marks. Defendant receives a payment when Internet users click on one or more links or advertisements on the websites of the Infringing Domain Names. Defendant receives these payments from one or more advertisers, affiliate programs, or search engines.

27. Defendant is not affiliated with, or sponsored by, Microsoft and has not been authorized by Plaintiff to use the Microsoft Marks. Defendant has not now or ever been authorized by Plaintiff to use or register any name or mark that includes the Microsoft Marks.

28. Defendant's registration and use of the Infringing Domain Names is to primarily capitalize on the goodwill associated with the Microsoft Marks.

29. Defendant registered and used the Infringing Domain Names willfully and with bad faith intent to profit from the Microsoft Marks.

## COUNT I
### (Cybersquatting under the Anti-Cybersquatting Consumer Protection Act – 15 U.S.C. § 1125(d))

30. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29 above.

31. The Microsoft Marks were distinctive at the time Defendant registered the Infringing Domain Names and remain distinctive today.

32.     The Infringing Domain Names were identical or confusingly similar to the Microsoft Marks at the time Defendant registered the Infringing Domain Names, and remain so today.

33.     Defendant has registered and used the Infringing Domain Names with bad faith intent to profit from the goodwill established by Microsoft in the Microsoft Marks.

34.     As a result of Defendant's wrongful conduct, Defendant is liable to Microsoft for violation of the Anticybersquatting Consumer Protection Act.

35.     Defendant also has contributory and vicarious liability for these acts. With knowledge of the illegal activity, Defendant intentionally induced the conduct described above and continued to undertake these acts. Similarly, Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

36.     Defendant's registration and use of the Infringing Domain Names has caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and is causing irreparable harm to Microsoft, for which there is no adequate remedy at law. Therefore, Microsoft is entitled to injunctive relief.

37.     Microsoft is entitled to recover Defendant's profits, actual damages and costs in an amount to be proven at trial or statutory damages of up to $100,000 per domain name, treble damages, attorneys' fees and transfer of the Infringing Domain Names to Microsoft.

## COUNT II
### (Trademark Infringement Under the Lanham Act - 15 U.S.C. § 1114)

38.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 37 above.

39.     Defendant's wrongful and unauthorized use of the Microsoft Marks and counterfeits of the Microsoft Marks to promote, market, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

40.     Defendant also has contributory and vicarious liability for these acts of trademark infringement. With knowledge of the infringing activity, Defendant intentionally induced the infringing conduct described above and continued to distribute the infringing material. Similarly, Defendant had the right and ability to control the infringing activity and received a direct financial benefit from the infringement.

41.     Defendant's intentional and willful infringement of the Microsoft Marks has caused and will continue to cause damage to Microsoft, in an amount to be proved at trial, and is causing irreparable harm to Microsoft for which there is no adequate remedy at law.

42.     Microsoft is entitled to recover damages and to recover its costs herein in an amount to be proven at trial. Microsoft is also entitled to injunctive relief against Defendant.

43.     Microsoft is further entitled to recovery of statutory damages, treble damages and attorneys' fees.

## COUNT III

### (False Designation of Origin Under the Lanham Act - 15 U.S.C. § 1125(a))

44.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43 above.

45.     The Microsoft Marks are distinctive marks that are associated with Microsoft and exclusively identify Microsoft's business, products, and services.

46.     Defendant has used and continues to use the Microsoft Marks in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such goods or services.

47.     As a result of Defendant's wrongful conduct, Defendant is liable to Microsoft for violation of this provision of the Lanham Act.

48.     Defendant also has contributory and vicarious liability for these acts.  With knowledge of the illegal activity, Defendant intentionally induced the conduct described above and continued to undertake these acts.  Similarly, Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

49.     Microsoft has been damaged by these acts in an amount to be proved at trial. Microsoft is also entitled to injunctive and other equitable relief against Defendant.

## COUNT IV

**(Unfair Competition/False Advertising Under the Lanham Act - 15 U.S.C. § 1125(a))**

50.     Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49 above.

51.     Defendant has used and continues to use the Microsoft Marks in connection with goods or services with false and misleading descriptions or representations of fact in commercial advertising or promotion, thereby misrepresenting the nature, characteristics, and qualities of their or another person's goods, services, or commercial activities.

52.     As a result of Defendant's wrongful conduct, Defendant is liable to Microsoft for violation of this provision of the Lanham Act.

53.     Defendant also has contributory and vicarious liability for these acts.  With knowledge of the illegal activity, Defendant intentionally induced the conduct described above

and continued to undertake these acts. Similarly, Defendant had the right and ability to control the illegal activity and received a direct financial benefit from the activity.

54.    Microsoft is entitled to damages in an amount to be proved at trial and attorneys' fees. Microsoft is also entitled to injunctive relief and other equitable relief against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendant as follows:

1.    That the Court issue temporary and permanent injunctive relief against Defendant and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from:

a)    infringing Microsoft's trademarks and service marks;

b)    registering, using or trafficking any domain names that are identical or confusingly similar to the Microsoft Marks, including but not limited to domain names containing the Microsoft Marks and domain names containing misspellings of the Microsoft Marks;

c)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs a) through b) above.

2.    That the Court orders the forfeiture or cancellation of the Infringing Domain Names and the transfer of the Infringing Domain Names to Microsoft;

3.    That the Court award Microsoft actual damages, treble damages, liquidated damages and statutory damages, in amount to be proven at trial;

4. That the Court award Microsoft its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

5. That the Court grants Microsoft all other relief to which it is entitled and such other or additional relief as is just and proper under these circumstances.

DATED this 27th day of February, 2009.

**K&L GATES LLP**
Attorneys for Plaintiff, Microsoft Corporation
Wachovia Financial Center, 39th Floor
200 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 539-3300
Fax: (305) 358-7095

By:_____
JONATHAN B. MORTON
Florida Bar No. 956872
jonathan.morton@klgates.com

## APPENDIX A – DEFENDANT'S INFRINGING DOMAIN NAMES

hotmailprofile.com
teamhalo.com
x360live.com
xboxclan.com
xboxemulation.com
xboxheaven.com
xboxinsider.com
xboxmodding.com
xboxsale.com
xboxserver.com
xboxservice.com

# EXHIBIT A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

## United States Patent and Trademark Office

Reg. No. 2,598,381
Registered July 23, 2002

## TRADEMARK
## PRINCIPAL REGISTER

## HALO

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052 BY MERGER BUNGIE SOFT-WARE PRODUCTS CORPORATION (ILLINOIS CORPORATION) CHICAGO, IL 60610

FOR: COMPUTER GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-15-2001; IN COMMERCE 11-15-2001.

SN 75-638,523, FILED 2-11-1999.

CHARLES JOYNER, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

Reg. No. 2,837,420

## United States Patent and Trademark Office

Registered Apr. 27, 2004

### TRADEMARK
#### PRINCIPAL REGISTER

## HALO

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PUBLICATIONS, NAMELY, A SERIES OF FICTION BOOKS, STRATEGY GUIDES ALL IN THE FIELD OF SCIENCE FICTION, GAMES AND ENTERTAINMENT , IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 10-0-2001; IN COMMERCE 10-0-2001.

SN 78-975,182, FILED 3-27-2001.

ANDREA K. NADELMAN, EXAMINING ATTOR-NEY

# EXHIBIT B

Int. Cls.: 35 and 38

Prior U.S. Cls.: 100, 101, 102 and 104

Reg. No. 2,165,601

## United States Patent and Trademark Office

Registered June 16, 1998

## SERVICE MARK
### PRINCIPAL REGISTER

## HOTMAIL

HOTMAIL CORPORATION (CALIFORNIA CORPORATION)
1290 OAKMEAD PARKWAY, SUITE 218
SUNNYVALE, CA 94086

FOR: ADVERTISING AND MARKETING SERVICES, NAMELY, PROMOTING THE GOODS AND SERVICES OF OTHERS BY PLACING ADVERTISEMENTS AND PROMOTIONAL DISPLAYS IN AN ELECTRONIC SITE ACCESSED THROUGH COMPUTER NETWORKS AND BY DELIVERING ADVERTISEMENTS AND PROMOTIONAL MATERIALS TO OTHERS VIA ELECTRONIC MAIL, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 7-4-1996; IN COMMERCE 7-4-1996.

FOR: ELECTRONIC MAIL SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 7-4-1996; IN COMMERCE 7-4-1996.

SER. NO. 75-272,783, FILED 4-10-1997.

EDWARD NELSON, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,646,465

## United States Patent and Trademark Office Registered Nov. 5, 2002

### TRADEMARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
LEGAL DEPARTMENT
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: VIDEO GAME PLAYER MACHINES FOR USE WITH TELEVISIONS AND COMPUTERS; COMPUTER AND VIDEO GAME CONTROLLERS; COMPUTER SOFTWARE FOR PLAYING COMPUTER AND VIDEO GAMES; OPERATING SYSTEM SOFTWARE PROGRAMS AND UTILITY PROGRAMS

FOR USE WITH THE ABOVE REFERENCED MACHINES; USER MANUALS THEREFOR SOLD AS A UNIT THEREWITH, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-21-2001; IN COMMERCE 11-21-2001.

SN 75-981,476, FILED 10-18-1999.

LYNN A. LUTHEY, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,663,880

# United States Patent and Trademark Office

Registered Dec. 17, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: INTERACTIVE VIDEO GAME DEVICES COMPRISED OF COMPUTER HARDWARE AND SOFTWARE AND ACCESSORIES, NAMELY, GAME CONSOLES, GAME CONTROLLERS, AND SOFT-

WARE FOR OPERATING GAME CONTROLLERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-21-2001; IN COMMERCE 11-21-2001.

SN 75-982,801, FILED 2-25-2000.

CHRISTOPHER BUONGIORNO, EXAMINING AT-TORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

United States Patent and Trademark Office

Reg. No. 2,730,847

Registered June 24, 2003

## TRADEMARK
### PRINCIPAL REGISTER



MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: VIDEO GAME PLAYER MACHINES FOR USE WITH TELEVISIONS AND COMPUTERS, AND OPERATING SYSTEM SOFTWARE PROGRAMS AND COMPUTER UTILITY PROGRAMS FOR USE THEREWITH; ELECTRONIC DEVICES, NAMELY, COMPUTER HARDWARE FOR ACCESSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; AND OPERATING SYSTEM SOFTWARE PROGRAMS AND COMPUTER AND COMMUNICATION NETWORKS, AND OPERATING SYSTEM SOFTWARE PROGRAMS AND COMPUTER UTILITY PROGRAMS FOR USE THEREWITH; COMPUTER HARDWARE AND PERIPHERALS; COMPUTER GAME CONTROLLERS; COMPUTER GAME PADS AND CONTROLLERS; COMPUTER SOFTWARE FOR PLAYING VIDEO GAMES AND COMPUTER GAMES AND FOR ACCESSING AND BROWSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; COMPUTER SOFTWARE FOR COMPRESSING AND DECOMPRESSING DATA AND VIDEO IMAGES, WORD TEXT EDITING; COMPUTER GAME PROGRAMS AND COMPUTER VIDEO GAME PROGRAMS DOWNLOADABLE FROM GLOBAL COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS; AND USER MANUALS FOR ALL THE AFOREMENTIONED SOFTWARE AND DEVICES SOLD AS A UNIT THEREWITH, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-21-2001; IN COMMERCE 11-21-2001.

SN 78-975,045, FILED 9-8-2000.

IRENE D. WILLIAMS, EXAMINING ATTORNEY

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

## United States Patent and Trademark Office

Reg. No. 2,775,859

Registered Oct. 21, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: TV AND VIDEO CONVERTERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-0-1998; IN COMMERCE 12-0-1998.

OWNER OF U.S. REG. NO. 2,646,465.

SER. NO. 78-193,098, FILED 12-10-2002.

PRISCILLA MILTON, EXAMINING ATTORNEY

Int. Cls.: 35 and 41

Prior U.S. Cls.: 100, 101, 102, and 107

## United States Patent and Trademark Office

Reg. No. 2,786,794
Registered Nov. 25, 2003

## SERVICE MARK
## PRINCIPAL REGISTER

## XBOX

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 98052

FOR: ARRANGING AND CONDUCTING TRADE SHOWS RELATING TO THE VIDEO GAME AND COMPUTER GAME INDUSTRIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

FOR: ENTERTAINMENT SERVICES, NAMELY, FEATURING GENERAL VIDEO GAME AND COM-PUTER GAME INFORMATION VIA THE INTER-NET ARRANGING AND CONDUCTING EXHIBITIONS IN THE NATURE OF COMPUTER GAMING TOURNAMENTS AND DEVELOPER CONFERENCES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

SN 75-928,026, FILED 2-25-2000.

CHRISTOPHER BUONGIORNO, EXAMINING AT-TORNEY

Int. Cls.: 38 and 41

Prior U.S. Cls.: 100, 101, 104, and 107

## United States Patent and Trademark Office

Reg. No. 2,792,744
Registered Dec. 9, 2003

### SERVICE MARK
### PRINCIPAL REGISTER



MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PROVIDING ON-LINE CHAT ROOMS FOR TRANSMISSION OF MESSAGES AMONG COMPUTER USERS CONCERNING INTERACTIVE GAMES PLAYED OVER COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-23-2002; IN COMMERCE 8-23-2002.

FOR: ENTERTAINMENT SERVICES, NAMELY, PROVIDING ON-LINE INTERACTIVE MULTI-PLAYER COMPUTER GAMES PLAYED VIA COMPUTER NETWORKS AND GLOBAL COMMUNICATIONS NETWORKS; PROVIDING INFORMATION ON-LINE RELATING TO COMPUTER GAMES, VIDEO GAMES AND COMPUTER AND VIDEO GAME RELATED PRODUCTS; AND ORGANIZING AND CONDUCTING EXHIBITIONS FOR USERS OF VIDEO AND COMPUTER GAMES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

SN 78-025,108, FILED 9-8-2000.

ESTHER A. BORSUK, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

**United States Patent and Trademark Office**

Reg. No. 3,252,556
Registered June 12, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# XBOX 360

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: INTERACTIVE VIDEO GAME DEVICES COMPRISED OF COMPUTER HARDWARE AND SOFTWARE AND ACCESSORIES, NAMELY, GAME CONSOLES, GAME CONTROLLERS AND SOFTWARE FOR OPERATING GAME CONTROLLERS; ELECTRONIC DEVICES, NAMELY, COMPUTER HARDWARE FOR ACCESSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; COMPUTER HARDWARE AND COMPUTER PERIPHERALS; CAMERAS; COMPUTER SOFTWARE FOR PLAYING VIDEO GAMES AND COMPUTER GAMES WITH OTHERS VIA A GLOBAL COMPUTER OR COMMUNICATION NETWORK AND FOR ACCESSING AND BROWSING GLOBAL COMPUTER AND COMMUNICATION NETWORKS; COMPUTER SOFTWARE FOR COMPRESSING AND DECOMPRESSING DATA AND VIDEO IMAGES, WORD TEXT EDITING AND FOR COMPOSING, TRANSMITTING AND RECEIVING EMAIL; OPERATING SYSTEM SOFTWARE PROGRAMS AND UTILITY PROGRAMS FOR USE WITH THE ABOVE REFERENCED MACHINES; USER MANUALS THEREFORE SOLD AS A UNIT THEREWITH; COMPUTER PROGRAMS, NAMELY, GAME SOFTWARE FOR USE ON COMPUTERS AND VIDEO GAME PLAYERS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 11-22-2005; IN COMMERCE 11-22-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,646,465 AND 2,698,179.

SN 78-977,810, FILED 5-12-2005.

ARETHA SOMERVILLE, EXAMINING ATTORNEY

Int. Cl.: 16

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, and 50

United States Patent and Trademark Office

Reg. No. 3,300,210
Registered Sep. 25, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# XBOX 360

MICROSOFT CORPORATION (WASHINGTON CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: PUBLICATIONS, NAMELY, STRATEGY GUIDES, USER MANUALS, AND MAGAZINES ALL IN THE FIELD OF COMPUTER GAMES, SCIENCE FICTION, GAMES AND ENTERTAIN-MENT; PENS, NOTEBOOKS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 12-0-2006; IN COMMERCE 12-0-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,776,769 AND 2,817,709.

SN 78-978,669, FILED 5-12-2005.

JASON ROTH, EXAMINING ATTORNEY

JS-44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **MICROSOFT CORPORATION, a Washington Corporation** | **GRIFFIN IT MEDIA, INC., a Florida Corporation** |

| (b) County of Resident of First Listed Plaintiff ___KING___ | County of Residence of First Listed Defendant _____ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan B. Morton, Esq.
K&L Gates, LLP
200 S. Biscayne Boulevard, 39th Floor
Miami, Florida 33131

Attorneys (If Known)

09-CV- 80342 - Marra / Johnson

FILED by ___ D.C.

FEB 27 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Questions (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

Action = West Palm Beach

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 810 Selective Service |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | **IMMIGRATION** | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 462 Naturalization Application | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus – Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS – Third Party 28 USC 7609 | |
| | | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114,1125
Brief description of cause
Trademark and Unfair Competition

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 2/27/09    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 995953 AMOUNT $ 350.00    APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

02/27/09